## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **ECCO DRILLING COMPANY, LTD.,** | § | Case No. 07-60987 |
| xx-xxx-1778 | § | (Chapter 11) |
| 12540 State HWY 155 N. Tyler, TX 75078 | § | |
|     Debtor. | § | |
| | § | |
| ------------------------------------------------ | | ------------------------------------------------ |
| **J. GREG PRITCHARD** | § | |
| **TRUSTEE**, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | Adversary No. 09-06036 |
| | § | |
| **WRIGHT CAPITAL CORP.,** | § | |
|     Defendant and Third-Party Plaintiff | § | |
| | § | |
| V. | § | |
| | § | |
| **ECCO PETROLEUM COMPANY, INC.,** | § | |
| **LK MANAGEMENT GROUP, LLC,** | § | |
| **and LEVENT KECIK**, | § | |
|     Third-Party Defendants | § | |

### THIRD-PARTY COMPLAINT TO RECOVER PREFERENTIAL TRANSFERS
### PURSUANT TO 11 U.S.C. §§547 AND 550

Wright Capital Corp. (Defendant and Third-Party Plaintiff), files this Complaint to

Recover Preferential Transfers Pursuant to 11 U.S.C. §§547 and 550 against Ecco Petroleum

Company, Inc., LK Management Group, LLC, and Levent Kecik, (Third-Party Defendants), and

would respectfully show as follows:

### I.    PROCEDURAL BACKGROUND AND PARTIES

1.1     On November 23, 2007, (the "Petition Date"), Debtor filed a voluntary petition

for bankruptcy relief under chapter 11 of Title 11, United Sates Code (the "Bankruptcy Code") in

the United States Bankruptcy Court for the Eastern District of Texas, Tyler Division (the "Court").

1.2     On September 9, 2008, creditor, D. B. Zwirn & Co. filed its *Second Amended Creditors' Plan of Liquidation* (the "Confirmed Plan"), which was confirmed by Order of the Court on December 1, 2008 (the "Confirmation Order"). [Dkt. Nos. 372, 486].

1.3     Pursuant to the Confirmed Plan and Confirmation Order, J. Gregg Pritchard (the "Trustee") was appointed as the Creditor Trustee for Ecco Drilling Company, Ltd.  Trustee is the Plaintiff in this action for the benefit of the creditors of the bankruptcy estate of Debtor.

1.4     The original adversary proceeding was commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure by Plaintiff Trustee seeking to avoid and recover, pursuant to sections 547 and 550 of the Bankruptcy Code, a preferential transfer that Debtor made to the Defendant and Third-Party Plaintiff.

1.5     The alleged preferential transfer the subject of this adversary proceeding was an obligation of the Third-Party Defendants as a result of a Compromise Settlement Agreement.

1.6     This third-party complaint is filed against Third-Party Defendants within the time period set out in the Court's Scheduling Order entered on April 19, 2010.

1.7     Third-Party Defendants may be served with process pursuant to Fed. R. Bankr. P. 7004(b) by mailing a copy of this Complaint, with summons, both by first class mail, postage pre-paid, and by certified mail, return receipt requested, to Third-Party Defendants' representative Levent Kecik and to Levent Kecik, individually, at P. O. Box 2017, Rockwall, Texas 75087.

## II.     JURISDICTION AND VENUE

2.1     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157(a) and 1334(a).  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2.2     Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. §1409(a).

## III.     CLAIM FOR RELIEF

3.1     Third-Party Plaintiff re-states and re-alleges, as if fully set forth herein, the allegations contained in the preceding paragraphs of this Third-Party Complaint.

3.2     By check dated August 30, 2007, Debtor paid Defendant and Third-Party Plaintiff the total amount of 457,500.00 (the "Transfer") pursuant to the terms of a Compromise Settlement Agreement entered in Cause No. 46652-A; styled Wright Capital Corp. v. Ecco Petroleum Company, Inc., Ecco Drilling Company, Ltd., LK Management Group, LLC, and Levent Kecik, Individually; In the 42nd District Court In and For Taylor County, Texas.

3.3     The terms of the Compromise Settlement Agreement required Debtor and the Third-Party Defendants to pay the $57,000.00.  Debtor made the Transfer on behalf of Third-Party Defendants.

3.4     Pursuant to section 547(b) of the Bankruptcy Code, Plaintiff Trustee is seeking to avoid the Transfer and, pursuant to section 550(a) of the Bankruptcy Code, Plaintiff Trustee is seeking to Transfer, or the value of the Transfer, from the Defendant and Third-Party Plaintiff.

3.5     Should this Court declare the Transfer to be preferential under section 547 of the Bankruptcy Code and avoid the Transfer under section 547(b) of the Bankruptcy Code, the

Third-Party Defendants are liable for repayment of the $57,500.00 pursuant to the terms of their

Compromise Settlement Agreement.

## **REQUEST FOR RELIEF**

WHEREFOR, PREMISES CONSIDERED, Defendant and Third-Party Plaintiff request

entry of judgment against Third-Party Defendants as follows:

A.      If the Court declares the Transfer to be preferential under section 547 of the

Bankruptcy Code and avoid and set aside the Transfer under section 547(b) of the Bankruptcy

Code, awarding Defendant and Third-party Plaintiff judgment against the Third-Party

Defendants in the amount of the Transfer and directing the Third-Party Defendants to

immediately repay to Plaintiff Trustee such amount, pursuant to section 550 of the Bankruptcy

Code, together with interest on such amount from the date of each Transfer;

B.      Awarding Defendant and Third-Party Plaintiff its attorney's fees, costs, and other

expenses incurred in this action; and

C.      Granting Defendant and Third-party Plaintiff such other and further relief as the

Court deems just and proper.

Dated: May 5, 2010.

Respectfully submitted,

  /s/ Forrest B. McCray
State Bar No. 13482100
P. O. Box 2777
Abilene, Texas 79604
Tel. (325) 673-2933
Fax (325) 673-0767
Attorney for Defendant and Third-Party Plaintiff